T.C. Memo. 2002-193

UNITED STATES TAX COURT

TIMOTHY SCOTT AND ANYA FRANCES ANTHONY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12818-01.                    Filed August 6, 2002.

Timothy Scott Anthony, pro se.

<u>David Lau</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction on the
ground that the petition was untimely.

Petitioners mailed their petition on October 3, 2001, which
was 98 days after respondent mailed the notice of deficiency.
The sole issue for decision is whether the time for petitioners

to file a petition in the Tax Court was extended from September 25, 2001, to October 3, 2001, by relief provisions promulgated by respondent for taxpayers affected by the September 11, 2001, terrorist attack. We hold that it was not.

Section references are to the Internal Revenue Code as amended. References to petitioner are to Timothy Scott Anthony.

### Background

Petitioners resided in Kailua, Hawaii, when they filed their petition. The records necessary to prepare petitioners' petition were in Hawaii during all relevant times. On June 27, 2001, respondent sent a notice of deficiency for 1999 to petitioners at their last known address. The 90th day after the notice of deficiency was issued, and thus the last date for petitioners to timely file a petition in the Tax Court without regard to relief provisions, was September 25, 2001. See sec. 6213(a).

Between September 11, 2001, and when they mailed their petition on October 3, 2001, petitioners did volunteer work in Hawaii for an organization known as Stand Up For America,[1] which was organized in Hawaii to memorialize the victims of the September 11, 2001, terrorist attack. Petitioner's wife coordinated other volunteers, arranged for a website, obtained flowers, and kept a bank account for Stand Up For America.

_____

[1] The record is silent regarding the specific activities of Stand Up For America.

On October 3, 2001, petitioners mailed a letter to the Court which the Court received and filed as a petition on October 9, 2001.

## Discussion

A taxpayer generally has 90 days from the mailing of a notice of deficiency to petition this Court for a redetermination of the deficiency. Sec. 6213(a). Respondent mailed the notice of deficiency to petitioners on July 27, 2001. The 90th day after the notice of deficiency was issued was September 25, 2001. Petitioners mailed the petition on October 3, 2001.

Petitioners contend that we should treat their petition as timely because respondent's notices and regulations extended the time for taxpayers affected by the September 11, 2001, terrorist attack to file a petition in the Tax Court. We disagree that those notices and regulations apply to petitioners. Petitioners contend that, because of their involvement with Stand Up For America after the September 11, 2001, terrorist attack, they are persons affected by a presidentially declared disaster within the meaning of section 301.7508A-1(d)(vii), Proced. & Admin. Regs., and thus the deadline for filing their petition was postponed.

The Secretary has authority to postpone the deadlines for performance of certain acts, including filing a Tax Court

petition, by taxpayers affected by a presidentially declared disaster.  Secs. 7508A(a)(1),[2] 7508(a)(1)(C).[3]

---

[2]  Sec. 7508A provides in pertinent part:

SEC. 7508A.  AUTHORITY TO POSTPONE CERTAIN TAX-RELATED DEADLINES BY REASON OF PRESIDENTIALLY DECLARED DISASTER.

      (a) In General.--In the case of a taxpayer determined by the Secretary to be affected by a Presidentially declared disaster (as defined in section 1033(h)(3)), the Secretary may prescribe regulations under which a period of up to 120 days may be disregarded in determining, under the internal revenue laws, in respect of any tax liability * * * of such taxpayer--

            (1) whether any of the acts described in paragraph (1) of section 7508(a) were performed within the time prescribed therefor * * *.

      Sec. 7508A was amended by the Victims of Terrorism Tax Relief Act of 2001 (VTTRA), Pub. L. 107-134, sec. 112(a), (b), 115 Stat. 2427, 2433, 2434.  Congress gave the Secretary of the Treasury, the Secretary of Labor, and the Pension Benefit Guaranty Corp. authority to postpone certain deadlines by reason of terroristic or military actions and extended the period that may be disregarded from 120 days to 1 year.  The amendment applies to actions of the Secretary of the Treasury, the Secretary of Labor, or the Pension Benefit Guaranty Corp. on or after Jan. 23, 2002, concerning disasters and terroristic or military actions occurring on or after Sept. 11, 2001.  VTTRA sec. 112(f), 115 Stat. 2435.  We are aware of no action by the Secretary of the Treasury, the Secretary of Labor, or the Pension Benefit Guaranty Corp. which occurred on or after Jan. 23, 2002, which describes taxpayers affected by the Sept. 11, 2001, terrorist attack in a manner which includes petitioners.  Even if the VTTRA amendment to sec. 7508A applies here, it does not affect the outcome of this case.

[3]  Sec. 7508(a)(1)(C) provides in pertinent part:

SEC. 7508.  TIME FOR PERFORMING CERTAIN ACTS POSTPONED BY REASON OF SERVICE IN COMBAT ZONE.

(continued...)

The September 11, 2001, terrorist attack is a presidentially declared disaster for purposes of sections 7508(a) and 7508A. Notice 2001-61, 2001-40 I.R.B. 305; Notice 2001-63, 2001-40 I.R.B. 308. Petitioners contend that they are "affected taxpayers", i.e., taxpayers affected by the September 11, 2001, terrorist attack, as defined in section 301.7508A-1(d)(1), Proced. & Admin. Regs., and Notice 2001-61, supra. Section 301.7508A-1(d)(1), Proced. & Admin. Regs., and Notice 2001-61, supra, define affected taxpayers for purposes of section 7508A. The regulations under section 7508A describe categories of taxpayers who are generally affected by presidentially declared disasters. Notice 2001-61, supra, describes categories of taxpayers who were specifically affected by the September 11, 2001, terrorist attack.

Under section 301.7508A-1(d)(1), Proced & Admin. Regs., affected taxpayers include:

> (i) Any individual whose principal residence * * * is located in a covered disaster area;
>
> (ii) Any business entity or sole proprietor whose principal place of business is located in a covered disaster area;

---

[3](...continued)
        (a) Time to be disregarded.--

            *     *     *     *     *     *     *

        (C) Filing a petition with the Tax Court
    for redetermination of a deficiency * * *.

(iii) Any individual who is a relief worker affiliated with a recognized government or philanthropic organization and who is assisting in a covered disaster area;

(iv) Any individual whose principal residence * * *, or any business entity or sole proprietor whose principal place of business is not located in a covered disaster area, but whose records necessary to meet a deadline for an act specified in paragraph (c) of this section are maintained in a covered disaster area;

(v) Any estate or trust that has tax records necessary to meet a deadline for an act specified in paragraph (c) of this section and that are maintained in a covered disaster area;

(vi) The spouse of an affected taxpayer, solely with regard to a joint return of the husband and wife; or

(vii) Any other person determined by the IRS to be affected by a Presidentially declared disaster * * *.

Petitioners are not affected taxpayers under categories (i)-(vii). Sec. 301.7508A-1(d)(1)(i)-(vi), Proced. & Admin. Regs. To qualify as affected taxpayers under section 301.7508-1(d)(1)(vii), Proced. & Admin. Regs., petitioners must be affected taxpayers as defined in Notice 2001-61, supra, or Notice 2001-63, supra.[4] In Notice 2001-61, supra, respondent listed specific categories of taxpayers who were affected by the September 11, 2001, terrorist attack. They include: (1) Taxpayers whose principal residence is in one of the five New

_____

[4] Notice 2001-68, 2001-47 I.R.B. 504, granted taxpayers additional relief, including postponing for 60 days the deadline to file a Tax Court petition that would otherwise be due between Dec. 1 and Dec. 31, 2001; however, it did not expand the definition of "affected taxpayer".

York counties of Bronx, Kings, New York (boroughs of Brooklyn and Manhattan), Queens, and Richmond, or is in Arlington County, Virginia, where the Pentagon is located; (2) victims of the crash (including those on a plane and those on the ground) of the four commercial jet airplanes hijacked on September 11, 2001; (3) all workers assisting in the relief activities in the covered disaster areas and in Pennsylvania; (4) taxpayers who work in the presidentially declared disaster area; and (5) taxpayers who have difficulty in filing returns or making payments because of disruptions in the transportation and delivery of documents by mail or private delivery services resulting from the terrorist attack. Petitioners' activities in Hawaii do not qualify them as relief workers assisting in a covered disaster area (category (3)). Thus, petitioners do not qualify as affected taxpayers under any of these categories.

Respondent also provided to another category of taxpayers a postponement of up to 14 days of certain tax deadlines, including filing a Tax Court petition. Notice 2001-63, supra, states in pertinent part:

> This notice provides additional tax relief under sections 6081, 6061, and 7508A for taxpayers who, regardless of their location, are continuing to experience difficulties in meeting their filing and tax payment requirements on account of events related to the September 11, 2001, terrorist attack. The Internal Revenue Service has determined that the due date for all federal tax obligations falling between September 10, 2001, and September 24, 2001, is postponed to

September 24, 2001. This postponement of time covers
the filing of * * * any * * * federal tax documents.

Notice 2001-63, <u>supra</u>, does not provide relief to
petitioners because it extended the time for filing Federal tax
documents only to September 24, 2001; the 90th day after the
mailing of the deficiency notice to petitioners was September 25,
2001, and petitioners mailed their petition on October 3, 2001.
Thus, Notice 2001-63, <u>supra</u>, does not apply here.

We conclude that petitioners' petition was not timely
filed.[5]  Thus, we will grant respondent's motion to dismiss for
lack of jurisdiction.

Accordingly,

<u>An order will be entered</u>

<u>granting respondent's motion</u>

<u>to dismiss for lack of</u>

<u>jurisdiction</u>.

---

[5]  See <u>El Khouri v. Commissioner</u>, T.C. Memo. 2002-170.